IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| LARRY BEAVER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-00576-P |
| | § | JURY TRIAL DEMANDED |
| MARTIN MARIETTA MATERIALS, INC. | § | |
| AND MARTIN MARIETTA | § | |
| NORTH TEXAS CEMENT, LLC | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Larry Beaver files this First Amended Complaint to Defendants Martin Marietta Materials, Inc., and Martin Marietta North Texas Cement, LLC and, in support thereof, would respectfully show the following:

### I.
### PARTIES

**A.    Plaintiff**

1.0    Plaintiff Larry Beaver is and was a resident and citizen of the State of Texas at all times relevant to this action.

**B.    Defendants**

1.1    Defendant Martin Marietta Materials, Inc ("Marietta Materials Inc.") is and was North Carolina corporation authorized to conduct business in the State of Texas both before and after the incident made the basis of this suit. Defendant Martin Marietta Materials, Inc. has appeared in this action and may be served through its attorneys of record Parker Graham, Carrington, Coleman, Sloman, and Blumenthal, L.L.P., 901 Main Street, Suite 5500, Dallas, Texas

75202, and Mark E. Stradley, The Stradley Law Firm, 9330 LBJ Freeway, Suite 1185, Dallas, Texas 75243.

 1.2 Defendant Martin Marietta North Texas Cement, LLC ("Marrietta North Texas LLC") is and was North Carolina Limited Liability Company authorized to conduct business in the State of Texas both before and after the incident made the basis of this suit. Defendant Martin Marietta North Texas Cement, LLC has appeared in this action and may served with process through its attorneys of record Parker Graham, Carrington, Coleman, Sloman, and Blumenthal, L.L.P., 901 Main Street, Suite 5500, Dallas, Texas 75202, and Mark E. Stradley, The Stradley Law Firm, 9330 LBJ Freeway, Suite 1185, Dallas, Texas 75243.

## II.
## JURISDICTION

**A.** **Jurisdiction**

 2.0 This Court has subject matter jurisdiction because Plaintiff seeks damages in excess of the Court's minimum jurisdictional limits.

 2.1 Plaintiff seeks monetary relief over $75,000, and seeks an amount in excess of $1,000,000.00.

 2.2 Plaintiff Larry Beaver is and was a resident and citizen of the State of Texas.

 2.3 Defendant Martin Marietta Materials, Inc. is a corporation organized and existing under the laws of the State of North Carolina and having its principal place of business in the State of North Carolina.

 2.4 Defendant Martin Marietta North Texas Cement, LLC is a Limited Liability Company organized and existing under the laws of the State of Delaware and having its principal place of business in the State of North Carolina.

## III.
## BACKGROUND FACTS

3.0     On or about April 4, 2024, Plaintiff was an invitee at Defendants' premises located at 1522 Mansfield Webb Road, Arlington, Tarrant County, Texas 76002, otherwise known as Defendants' Webb Road Ready Mix location, for the purposes of delivering product.   This premises was owned, operated, managed, and controlled by Defendants.

3.1     While navigating the plant, Mr. Beaver encountered the unreasonably dangerous condition of spilled water/wet cement on the ground.  Mr. Beaver slipped on this unreasonably dangerous condition, wet cement and/or foreign substance, abruptly, causing severe injuries to his hip, shoulder, neck, back and head.

3.2     On that date, and specifically at the time of the subject incident, Marietta Materials, Inc. and Marietta North Texas LLC were involved in a joint enterprise.

3.3     At the time of the incident, Plaintiff was lawfully on the Premises as an invitee of Defendants. Defendants owed Plaintiff a duty to protect him from the condition made the basis of this lawsuit.

3.4     Defendants' failure to provide a reasonably safe premise and failure to warn its invitees of unsafe conditions on the premises solely and proximately caused Plaintiff's severe injuries and resulting damages.

## IV.
## CAUSES OF ACTION AGAINST MARTIN MARIETTA MATERIALS, INC

**A. Negligence**

4.0     Defendant Marietta Materials Inc. owed and voluntarily assumed a duty to provide Plaintiff and other invitees a safe and secure place and therefore had or assumed a duty to exercise reasonable care in executing such duties.  At the time and on the occasion in question, Defendant,

by and through its agents and/or employees, breached their duty and failed to use ordinary care by various acts of omission and commission, including, but not limited to the following, each of which singularly or in combination was a proximate cause of the incident in question:

    a) Creating a condition that posed an unreasonable risk of harm when Defendant knew or reasonably should have known of the danger; Failing to exercise ordinary care to protect Plaintiff from the danger;

    b) Failing to exercise ordinary care to protect Plaintiff from the danger, by bot failing to adequately warm Plaintiff of the condition and failing to make the condition reasonably safe;

    c) Failing to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff and other workers on the premises;

    d) Failing to properly maintain and survey its premises;

    e) Permitting the area to remain in its dangerous state;

    f) Failing to take reasonable steps to protect Plaintiff and other invitees from foreseeable accidents and/or dangerous activities; and

    g) Failing to eliminate a dangerous condition on the premises.

4.1     Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and damages.

**B. Premises Liability**

4.2     At all times material to this lawsuit, Defendant owned, operated, managed, and controlled the premises, which includes walkways inside the plant therein, including where the subject incident occurred. The Plaintiff was an invitee on the premises in question. Defendant knew, or in the exercise of ordinary care, should have known an unreasonably dangerous condition existed which posed an unreasonable risk or harm to the general public, including Plaintiff, but failed to inspect and make safe or adequately warn Plaintiff of the condition. Furthermore, the Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident

in question.

      4.3     At the time and on the occasion in question:

        a)  A condition existed on Defendant's premises that posed an unreasonable risk of harm to a person, such as Plaintiff, present on the premises;

        b)  Defendant knew, or should have known in the exercise of ordinary care, that the condition of the premises posed an unreasonable risk of harm;

        c)  Defendant should have anticipated that a person, such as Plaintiff, on the premises would not discover the danger or would fail to protect themselves against it;

        d)  Defendant was negligent in that Defendant created the condition, knew about the condition, and negligently failed to correct it or should have known about the condition; and

        e)  The condition of Defendant's premises caused Plaintiffs' injuries and damages.

      4.4     As an invitee, Defendant owed a duty to Plaintiff to inspect and make the said condition safe, or at least warn Plaintiff of the existence of the unreasonably dangerous condition prior to the subject incident. Defendant failed to satisfy its legal duty to Plaintiff in both respects. The Defendant is, therefore, liable for the unreasonably dangerous condition under a premises liability theory.

      4.5     The above-stated conduct is not an exhaustive list of Defendant's various acts and/or omissions. Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages pled herein.

      4.6     Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

## C. Negligent Maintenance and Failure of a Duty to Warn/Repair

      4.7     Defendant, by ownership, lease, contract, agreement, operation, and control, had a

duty to maintain the premises, which included maintaining the property in a safe and proper manner. To that end, Defendant owed a duty to Plaintiff to use ordinary care in the maintenance and inspection of the property. Defendant was individually and/or jointly responsible due to their negligent acts or omissions for the injuries and damages as alleged below. These additional negligent acts or omissions include, but are not limited to:

   a) Not performing a proper inspection of the property generally, and the subject area that required delivery drivers to walk-through that was wet or covered in a foreign substance;

   b) Not properly managing or maintaining the product delivery area and/or maintenance area;

   c) Not properly warning Plaintiff of the hidden or latent dangers;

   d) Not properly training their employees and/or agents in the proper manner and method of performing the repairs and/or maintenance;

   e) Not superintending the work performed and analyzing the work in a reasonable way such that the improper repairs and oversight should have been discovered; and

   f) Any acts or omissions regarding the failure to properly inspect, repair or warn about the wet area on the ground.

   4.8    Defendant failed to use ordinary care and or was deliberately indifferent to the health, safety, and welfare of the Plaintiff in making or failing to make the adjustments/repairs/ maintenance/supervision/training as set out above and such failure(s), as well as the other negligent acts or omissions set out above, proximately caused the occurrence made the basis of this lawsuit and the resulting severe and permanent injuries and damages to Plaintiff set out above and below.

**D. Negligence Per Se**

   4.9    Defendant failed to either maintain the premises in a safe condition or make it safe. The defendant was responsible for the many safety law and building code violations on the premises. The applicable codes require that the Defendant shall be responsible for the maintenance

---

of the property generally and the walkways specifically. The lack of maintenance and repair were clear violations of the applicable codes. These violations constitute negligence per se and were the proximate cause of the unreasonably dangerous wet floor/entryway and the Plaintiff's resulting injuries and damages.

**E. Gross Negligence**

4.10 Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

4.11    Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant.

**V.**
**CAUSES OF ACTION AGAINST MARTIN MARIETTA**
**NORTH TEXAS CEMENT, LLC**

**A. Negligence**

5.0    Defendant Marietta North Texas LLC owed and voluntarily assumed a duty to provide Plaintiff and other invitees a safe and secure place and therefore had or assumed a duty to exercise reasonable care in executing such duties. At the time and on the occasion in question, Defendant, by and through its agents and/or employees, breached their duty and failed to use ordinary care by various acts of omission and commission, including, but not limited to the following, each of which singularly or in combination was a proximate cause of the incident in question:

    a) Creating a condition that posed an unreasonable risk of harm when Defendant knew or reasonably should have known of the danger; Failing to

exercise ordinary care to protect Plaintiff from the danger;

b)  Failing to exercise ordinary care to protect Plaintiff from the danger, by bot failing to adequately warm Plaintiff of the condition and failing to make the condition reasonably safe;

c)  Failing to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff and other workers on the premises;

d)  Failing to properly maintain and survey its premises;

e)  Permitting the area to remain in its dangerous state;

f)  Failing to take reasonable steps to protect Plaintiff and other invitees from foreseeable accidents and/or dangerous activities; and

g)  Failing to eliminate a dangerous condition on the premises.

5.1    Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and damages.

## B.  Premises Liability

5.2    At all times material to this lawsuit, Defendant owned, operated, managed, and controlled the premises, which includes walkways inside the plant therein, including where the subject incident occurred.  The Plaintiff was an invitee on the premises in question.  Defendant knew, or in the exercise of ordinary care, should have known an unreasonably dangerous condition existed which posed an unreasonable risk or harm to the general public, including Plaintiff, but failed to inspect and make safe or adequately warn Plaintiff of the condition.  Furthermore, the Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

5.3    At the time and on the occasion in question:

a)  A condition existed on Defendant's premises that posed an unreasonable risk of harm to a person, such as Plaintiff, present on the premises;

b)  Defendant knew, or should have known in the exercise of ordinary care, that

the condition of the premises posed an unreasonable risk of harm;

c) Defendant should have anticipated that a person, such as Plaintiff, on the premises would not discover the danger or would fail to protect themselves against it;

d) Defendant was negligent in that Defendant created the condition, knew about the condition, and negligently failed to correct it or should have known about the condition; and

e) The condition of Defendant's premises caused Plaintiffs' injuries and damages.

5.4    As an invitee, Defendant owed a duty to Plaintiff to inspect and make the said condition safe, or at least warn Plaintiff of the existence of the unreasonably dangerous condition prior to the subject incident. Defendant failed to satisfy its legal duty to Plaintiff in both respects. The Defendant is, therefore, liable for the unreasonably dangerous condition under a premises liability theory.

5.5    The above-stated conduct is not an exhaustive list of Defendant's various acts and/or omissions. Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages pled herein.

5.6    Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

**C. Negligent Maintenance and Failure of a Duty to Warn/Repair**

5.7    Defendant, by ownership, lease, contract, agreement, operation, and control, had a duty to maintain the premises, which included maintaining the property in a safe and proper manner. To that end, Defendant owed a duty to Plaintiff to use ordinary care in the maintenance and inspection of the property. Defendant was individually and/or jointly responsible due to their negligent acts or omissions for the injuries and damages as alleged below. These additional

negligent acts or omissions include, but are not limited to:

    a) Not performing a proper inspection of the property generally, and the subject area that required delivery drivers to walk-through that was wet or covered in a foreign substance;

    b) Not properly managing or maintaining the product delivery area and/or maintenance area;

    c) Not properly warning Plaintiff of the hidden or latent dangers;

    d) Not properly training their employees and/or agents in the proper manner and method of performing the repairs and/or maintenance;

    e) Not superintending the work performed and analyzing the work in a reasonable way such that the improper repairs and oversight should have been discovered; and

    f) Any acts or omissions regarding the failure to properly inspect, repair or warn about the wet area on the ground.

    5.8 Defendant failed to use ordinary care and or was deliberately indifferent to the health, safety, and welfare of the Plaintiff in making or failing to make the adjustments/repairs/ maintenance/supervision/training as set out above and such failure(s), as well as the other negligent acts or omissions set out above, proximately caused the occurrence made the basis of this lawsuit and the resulting severe and permanent injuries and damages to Plaintiff set out above and below.

**D. Negligence Per Se**

    5.9 Defendant failed to either maintain the premises in a safe condition or make it safe. The defendant was responsible for the many safety law and building code violations on the premises. The applicable codes require that the Defendant shall be responsible for the maintenance of the property generally and the walkways specifically. The lack of maintenance and repair were clear violations of the applicable codes. These violations constitute negligence per se and were the proximate cause of the unreasonably dangerous wet floor/entryway and the Plaintiff's resulting injuries and damages.

**E. Gross Negligence**

5.10  Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.   Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

5.11   Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant.

**VI.**
**JOINT ENTERPRISE**

6.1   Defendants were engaged in a "joint enterprise" as that term is understood in Texas law, and at all times relevant to this action were involved in a mutual undertaking with a common business and/or pecuniary purpose.

6.2   Thus, Defendants were acting as an agent of the others, and are liable for each other's negligence related to the subject incident.

6.3   Specifically, Defendants had:

    a.   An express or implied agreement;

    b.   A common purpose to be carried out by the enterprise;

    c.   A community of pecuniary interest in that common purpose; and

    d.   An equal right to direct and control aspects of the joint enterprise.

6.4   Some or all of the negligent acts alleged against Defendants herein were committed while acting within the scope of the joint enterprise and were proximate causes of Plaintiff's injuries and his resulting damages.

## VII.
## DAMAGES

**A.      Plaintiff Larry Beaver's Personal Injury Damages**

7.0      Plaintiff seeks the following elements of damages from Defendants as a result of the injuries he sustained in the subject incident:

  a.      Physical pain sustained in the past;

  b.      Physical pain that, in reasonable probability, will be sustained in the future;

  c.      Mental anguish sustained in the past;

  d.      Mental anguish that, in reasonable probability, will be sustained in the future;

  e.      Loss of earning capacity sustained in the past;

  f.      Loss of earning capacity that, in reasonable probability, will be sustained in the future;

  g.      Disfigurement sustained in the past;

  h.      Disfigurement that, in reasonable probability, will be sustained in the future;

  i.      Physical impairment sustained in the past;

  j.      Physical impairment that, in reasonable probability, will be sustained in the future;

  k.      Medical care expenses sustained in the past; and

  l.      Medical care expenses that, in reasonable probability, will be sustained in the future.

**B.      Exemplary Damages**

7.1      As a result of the gross negligence committed by Defendants, Plaintiff seeks exemplary damages against Defendants in an amount deemed appropriate by the jury.

**C.      Interest**

7.2     Plaintiff seeks pre-judgment and post-judgment interest at the applicable rate allowed by law.

## IIX.
## RESERVATION OF RIGHTS

8.0     Plaintiff reserves the right to amend his pleadings to add additional counts and/or parties as discovery continues.

## IX.
## ALTERNATIVE PARAGRAPH NO. 1

9.0     In the alternative, Plaintiff would show that if any injury and/or condition from which they currently suffer was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## X.
## ALTERNATIVE PARAGRAPH NO. 2

10.0     In the alternative, Plaintiff would show that if they suffer from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## XI.
## REQUEST FOR JURY TRIAL

11.0     Plaintiff requests trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer for its tortious conduct, that this cause be set for trial before a jury, and that Plaintiff recover a judgment of and from Defendants in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, court costs, and such other and further relief Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**THE CAIN LAW FIRM, P.C.**

BY:

**GRAMM J. KLEIN**
State Bar No. 24104511
E-mail: gramm@cainfirm.com
**W. BRETT CAIN**
Texas Bar No. 24048379
E-mail: brett@cainfirm.com
301 Commerce St., Ste. 2395
Ft. Worth, Texas 76102
Telephone: (817) 577-7777
Facsimile: (817) 573-4848
E-Service: eservice@cainfirm.com

**ATTORNEYS FOR PLAINTIFF**