UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LARRY BEAVER,**

    Plaintiff,

v.                                                                   **No. 4:25-cv-00576-P**

**MARTIN MARIETTA MATERIALS
INC., ET. AL.,**

    Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Motion for Summary Judgment. ECF No. 19. Having considered the briefing and evidence of record, the Court will **GRANT** the Motion.

## BACKGROUND

This case arises from Plaintiff Larry Beaver's fall at the Arlington Texas cement plant ("Martin Marietta plant") of Defendants, Martin Marietta Materials Inc. ("Martin Marietta Materials") and Martin Marietta North Texas Cement, LLC, ("Martin Marietta Cement"). ECF No. 11 at 3. Plaintiff was an invitee at Martin Marietta plant.[1] ECF No. 11 at 3.

Beaver worked as a truck driver for multiple companies throughout his 52-year career with a commercial driver's license ("CDL"). ECF No. 25 at 5. Beaver hauled sand, gravel, and big rock throughout his career. ECF No. 25 at 6.

Before the incident at hand, Beaver completed approximately thirty to thirty-five hauls into Martin Marietta plant, where he walked through the "wash out" area many times. ECF No. 25 at 6, 9. A "wash

---

[1]The Parties do not dispute that that Plaintiff was an invitee at the Martin Marietta plant.

out" is where cement—and anything spilled while loading trucks—is rinsed off. ECF No. 25 at 7. The ground where truck drivers pulled into the plant was generally wet from such "wash outs." ECF No. 25 at 7. Importantly, Beaver previously observed the "wash out" process at the Martin Marietta plant. ECF No. 25 at 7.

On April 4, 2024, Beaver hauled sand and gravel into Defendants' plant. ECF No. 25 at 6. Beaver drove into Martin Marietta plant, parked his truck, and noticed the ground was wet "as soon as [he] pulled up" to the plant. ECF No. 25 at 7–8. After parking, he walked through the wet area to get his ticket signed. ECF No. 25 at 8. Beaver walked the same route back to his truck and fell while traversing the wet patch. ECF No. 25 at 8. A yellow chain had previously been placed near the "wash out" area to restrict pedestrian access, but it was not present when Beaver fell. ECF No. 21 at 27.

After his fall, Beaver subsequently filed suit against Defendants, which was later removed to from state court to federal court because of diversity jurisdiction. ECF No. 1. Beaver filed his Amended Complaint on June 16, 2025. ECF No. 11. Beaver's Amended Complaint asserts five causes of action against both Defendants. ECF No. 11. The five causes of action are (1) premises liability, (2) negligence, (3) negligence per se, (4) failure of a duty to warn or repair and negligent maintenance, and (5) gross negligence. ECF No. 11. Defendants filed a Motion for Summary Judgment on all five claims. ECF No. 19. The Motion is ripe for review.

## LEGAL STANDARD

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986). A fact is "material" if it would affect a case's outcome. *Id.* at 248. Generally, the "substantive law will identify which facts are material," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In assessing whether summary judgment is appropriate, the Court views evidence in the light most favorable to the nonmovant. *Cunningham v. Circle 8 Crane Servs., LLC*, 64 F.4th 597, 600 (5th Cir. 2023). The Court may rely on any evidence of record but need only consider those materials cited by the parties. Fed. R. Civ. P. 56(c)(1)–(3); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (noting summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"). But the Court need not mine the record for evidence supporting the nonmovant; the burden falls on the moving party to simply show a lack of evidence supporting the nonmovant's case. *See Malacara v. Garber*, 353 F.3d 393, 404–05 (5th Cir. 2003).

## ANALYSIS

Defendants seek summary judgment on each of the five claims that Plaintiff raised. The Court will address each claim in turn.

**A. Beaver's premises liability claim fails because the condition was not unreasonably dangerous, was open and obvious, and there is no genuine dispute of material fact regarding the condition.**

  1. <u>The Martin Marietta plant's condition did not pose an unreasonable risk of harm to the experienced truck-driver Plaintiff who walked through "wash out" areas frequently.</u>

Beaver asserts a premises-liability claim against Defendants. ECF No. 11 at 4, 8. The traditional elements of premises liability are: (1) that the defendant had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to the plaintiff; (3) that the defendant did not exercise reasonable care to reduce or to eliminate the risk; and (4) that the defendant's failure to use such care proximately caused the plaintiff's personal injuries. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)).

As to the second element, some commonplace hazards are not unreasonably dangerous as a matter of law. *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 (Tex. 2022) (citations and internal quotation marks omitted). As a matter of policy, landowners are not insurers of a visitor's safety, and they are not obligated to make premises foolproof. *Id.* at 804. Courts consider various factors when determining whether a condition is unreasonably dangerous, including whether the relevant condition was clearly marked, its size, whether it had previously caused injuries or generated complaints, whether it substantially differed from conditions in the same class of objects, and whether it was naturally occurring. *Id.* at 802.

It is undisputed that the ground was wet at Martin Marietta plant where Plaintiff fell. In his deposition, Plaintiff even admits that he knew the ground was wet because he was pulling into a "wash out" area. ECF No. 25 at 7. Plaintiff described the ground where truck drivers pulled into the plant as generally wet from "wash outs," during which cement and anything spilled during truck loading was rinsed off. ECF No. 25 at 7. Since Plaintiff had seen the "wash out" process occur before at Martin Marietta plant, he knew that the process rinsed more than just water onto the ground. ECF No. 25 at 7. Considering Plaintiff's fifty-two years of trucking experience, his familiarity with the "wash out" process, and his previous visits to the Martin Marietta plant, the condition did not pose an unreasonable risk to the Plaintiff.

Indeed, the second element of premises liability requires the condition to pose an unreasonable risk of harm to the specific plaintiff. Plaintiff's testimony and knowledge of the "wash out" area therefore negates his claims that the condition was unreasonably dangerous to him. Therefore, Plaintiff fails to meet the second element of his premises liability claim and no genuine dispute of material fact in the record prevents summary judgment.

2. <u>Even if the condition was dangerous, the condition was open and obvious.</u>

To the extent Plaintiff claims Defendants cannot assert the open and obvious doctrine in their Motion for Summary Judgment because it is

an affirmative defense, that is not the proper understanding of the doctrine. ECF No. 24 at 13. Stating that the open and obvious condition is a separate defense is misleading because not every open and obvious condition of danger automatically precludes recovery. *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 520 (Tex. 1978). The open and obvious doctrine reflects circumstances in which the facts establish contributory negligence as a matter of law. *Id.* at 521. This analysis includes the presence of danger and that the invitee knew and appreciated the presence of danger, or should have. *Id.*

When a condition is open and obvious, the third element of premises liability fails because there is no duty to warn about or protect employees from dangerous premises that are open and obvious. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 198 (Tex. 2015). Whether a condition is open and obvious is an objective test that asks whether the danger is so open and obvious that, as a matter of law, the plaintiff will be charged with knowledge and appreciation thereof. *Id.* at 788. This objective test considers the totality of the particular circumstances the plaintiff faced to determine what a reasonably prudent person would have known under similar circumstances. *Id.* at 788–89. Visibly wet ground is an open and obvious condition that does not support premises liability. *See Barry v. Lowe's Home Ctrs., LLC*, No. 20-10455, 2021 U.S. App. LEXIS 30549 (5th Cir. 2021); *Kilchrist v. Sika Corp.*, 555 F. App'x 350 (5th Cir. 2014).

Here, Plaintiff testified that he could see the water and knew it was from the "wash out" process. Although Plaintiff testified that he did not know the water contained substances that would make the surface slippery, Plaintiff stated he knew the water came from spraying trucks to remove "any cement and stuff that spilled" on the trucks. ECF No. 25 at 7. Therefore, Plaintiff knew the wet areas could contain other materials in addition to water. Under the totality of Plaintiff's particular circumstances, the condition was an open and obvious danger because an experienced truck driver walking through a wet "wash out" area reasonably knows and appreciates the potential to slip and fall. Moreover, because visibly wet ground favors the potential risk being open and obvious, Plaintiff seeing the wet ground, knowing the source

was from rinsing trucks, and not making any adjustments is not what a reasonably prudent person would do. Accordingly, Plaintiff fails to meet the third element of his premises liability claim and no genuine dispute of material fact in the record prevents summary judgment.

## B. Beaver's negligence claim fails because Defendants were not contemporaneously involved in activity that resulted in Beaver's injury.

Plaintiff also asserts a negligence claim against Defendants. ECF No. 11 at 3, 7. Under Texas law, a person injured on another's property has two potential—but mutually exclusive—causes of action against the owner of the property: (1) an ordinary negligence claim arising from a negligently conducted activity on the premises, or (2) a premises liability claim for an unreasonably dangerous condition on the premises. *Lopez v. Ensign U.S. S. Drilling, LLC*, 524 S.W.3d 836, 845 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Clayton W. Williams Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)).

Here, because Plaintiff's wet-ground claim is based on premises liability, he is unable to also assert a negligence claim. Ordinary negligence also requires negligently conducted activity, and Plaintiff did not allege Defendants had any contemporaneous activity associated with Plaintiff's fall. Rather, Plaintiff alleges the condition of the premises was a condition created by Defendants. Additionally, Plaintiff did not respond to Defendants' claims describing how Plaintiff's negligence claim fails. Thus, Plaintiff failed to identify evidence showing Defendants engaged in negligent activity when the accident occurred. Accordingly, summary judgment is warranted on Plaintiff's negligence claim.

## C. Beaver's negligence *per se* claim fails because Beaver neither pled nor proved that Defendants violated any statute.

Beaver also asserts a negligence *per se* claim against Defendants. ECF No. 11 at 6, 10. Negligence *per se* applies when "courts have determined that the violation of a particular statute is negligence as a matter of law." *Wilson v. Korth Direct Mortg., Inc.*, No. 3:23-CV-2158-D,

6

2023 U.S. Dist. LEXIS 219781, at *8 (N.D. Tex. Dec. 11, 2023). To make a negligence *per se* claim, the plaintiff must identify a specific statutory provision that the defendant has violated. *Id.* Without identifying a specific statute, a complaint cannot state a negligence *per se* claim, and the court must dismiss the claim. *Id.* at *9.

Plaintiff's Amended Complaint alleges Defendants were responsible for many safety law and building code violations on the premises. ECF No. 11 at 6. However, Plaintiff does not identify specific statutory provisions beyond "applicable codes" and therefore the complaint cannot establish negligence *per se*. Because Plaintiff fails to identify a specific statutory provision that Defendants have violated, the negligence *per se* claim cannot succeed and warrants summary judgment.

## D. Beaver's failure to warn or repair and negligent maintenance claims fail because they are not standalone claims under Texas law.

Beaver asserts a negligent maintenance and negligent failure to warn or repair claim against Defendants. ECF No. 11 at 5, 9. In a landowner-invitee case, alleged nonfeasance on the part of the landowner cannot give rise to a negligence claim; it can only give rise to a premises liability claim.[2] *Cobarrubias v. Lowe's Home Centers, LLC*, No. 4:22-CV-00716, 2023 U.S. Dist. LEXIS 156157, at *13 (S.D. Tex. Sept. 4, 2023) (citing *Austin*, 465 S.W.3d at 216). In Texas, there is no distinct cause of action for negligent maintenance. *Danny Herman Trucking, Inc. v. Miranda*, No. 21-CV-00043, 2022 U.S. Dist. LEXIS 12923, at *16 (W.D. Tex. Jan. 25, 2022), *adopted by*, 2022 U.S. Dist. LEXIS 125965 (W.D. Tex. Apr. 5, 2022). Rather, Texas state courts review negligent maintenance claims under the framework of common law negligence. *Id.*

Here, Beaver alleges various negligent acts or omissions leading to his negligent maintenance and negligent failure to warn or repair claim against Defendants. However, as discussed above, alleged nonfeasance cannot give rise to a negligence claim. Therefore, because summary

---

[2] Failure to warn (premises liability) does not apply here because of the open and obvious doctrine. *See infra* Section A2.

judgment is appropriate on Beaver's negligence claim, summary judgment is also appropriate on Beaver's negligent maintenance and failure to warn or repair claims.

### E. Beaver's gross negligence claim fails because Beaver cannot overcome the ordinary-negligence threshold.

Beaver asserts a gross negligence claim against Defendants. ECF No. 11 at 7, 11. Ordinary negligence is a prerequisite to a finding of gross negligence. *Barge v. Wells Fargo Bank, N.A.*, No. 1:23-CV-00189, 2025 U.S. Dist. LEXIS 85452, at *21 (E.D. Tex. Feb. 25, 2025) (citations and internal quotation marks omitted).

Here, Beaver cannot succeed with the higher-standard gross negligence claim because Beaver's negligence claim fails. Further, Plaintiff failed to respond to Defendants' arguments against a finding of gross negligence. Thus, Plaintiff failed to point to evidence in the summary judgment record indicating a genuine dispute of material fact. Accordingly, summary judgment is warranted on Plaintiff's gross negligence claim.

## CONCLUSION

For the above reasons, the Court concludes that Defendants' Motion should be and hereby is **GRANTED.** Accordingly, Beaver's claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **4th day of June 2026.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

8